Filed: 3/22/2018 2:27 PM
Lynne Finley
District Clerk
Collin County, Texas
By Natasha Pacheco Deputy
Envelope ID: 23359531

CAUSE NO. __429-01362-2018_____

| | | |
|---|---|---|
| ANA ISABEL RODRIGUEZ, <br> Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | |
| BANKERS INSURANCE COMPANY <br> D/B/A FIRST COMMUNITY <br> INSURANCE COMPANY <br> and MARTY G. HERNDON, <br> Defendants, | § § § § | COLLIN COUNTY, TEXAS <br><br> _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ana Isabel Rodriguez, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Bankers Insurance Company ("Bankers") and Marty G. Herndon ("Herndon") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Ana Isabel Rodriguez, resides in Collin County, Texas.

3. Defendant, Bankers Insurance Company, D/B/A First Community Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas.

Plaintiff's Original Petition – Page 1

Plaintiff requests service of citation upon Bankers, through its registered agent for service, **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

4. Defendant, Marty G. Herndon, is an adjuster who resides in Arlington, Texas. Plaintiff requests service of citation upon Marty G. Herndon at the address listed with the Texas Department of Insurance: **3580 Plum Vista Place, Arlington, Texas 76005-1184**. Plaintiff requests service at this time.

## JURISDICTION

5. The Court has jurisdiction over Bankers Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Collin County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Marty G. Herndon because this Defendant engaged in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Collin County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Collin County, Texas, because the insured property is located in Collin County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiff asserts claims for fraud, breach of contract, negligence, gross negligence, negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiff owns a Bankers Insurance Company homeowner's insurance policy, number 42-0011467633-5-02 ("the Policy"), which was issued by Bankers. At all relevant times, Plaintiff owned the insured premises located at 1616 Wagonwheel Drive, Plano, Texas 75023 ("the Property").

10. Bankers or its agent sold the Policy, insuring the Property, to Plaintiff. Bankers represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home.

11. On or about March 23, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Collin County, Texas, area.

12. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Bankers against the Policy for damage to the Property. Bankers assigned claim number FCIC-16-1198-31 to Plaintiff's claim.

13. Plaintiff asked Bankers to cover the cost of damage to the Property pursuant to the Policy.

14. Bankers hired or assigned its agents, namely Herndon, to inspect and adjust the claim. Herndon conducted an inspection on or about March 29, 2016, according to the information contained in his estimate. Herndon's findings generated an estimate of damages totaling $1,096.19. After application of depreciation and deductible of $2,500.00 Plaintiff was left with $0.00 to make repairs on the entirety of their claim.

15. Bankers, through its agent, Herndon, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. Bankers and Herndon have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Herndon found that the roof was not damaged. The third party inspector hired to review the damage to the Property found $84,724.51 of damage to 103 squares of Plaintiff's roof. In addition, the third party inspector found damage to the asphalt, valley metal, drip edge, 20" flashing, pipe jack flashing, rear elevation roof vent, exhaust cap, chimney flashing, apron flashing, and the gutters and downspouts that were completely absent from Herndon's estimate. The third party inspector found further damage to the exterior including window screens, the mailbox, and trim.

17. The damage to Plaintiff's Property is currently estimated at $101,203.24.

18. Herndon had a vested interest in undervaluing the claims assigned to him by Bankers in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third party inspector's as well as the difference in valuation is evidence of fraud on the part of Herndon.

19. Furthermore, Herndon was aware of Plaintiff's deductible prior to inspecting the Property. Herndon had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20. Herndon misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Herndon made these

misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the fraudulent estimate as a true representation of the damages.

21. After reviewing Plaintiff's Policy, Herndon misrepresented that the damage was caused by non-covered perils. Herndon used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

22. As stated above, Bankers and Herndon improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Bankers and Herndon misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

23. Bankers and Herndon made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Bankers and Herndon made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Herndon.

24. Plaintiff relied on Bankers and Herndon's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

25. Upon receipt of the inspection and estimate reports from Herndon, Bankers failed to assess the claim thoroughly. Based upon Herndon's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Bankers failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26. Because Bankers and Herndon failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

27. Furthermore, Bankers and Herndon failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Herndon performed an unreasonable and substandard inspection that allowed Bankers to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

28. Bankers and Herndon's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

29. Bankers and Herndon's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Bankers and Herndon have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Bankers and Herndon have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

30. Bankers and Herndon's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Bankers and Herndon failed

to provide Plaintiff a reasonable explanation for underpayment of the claim.

31. Additionally, after Bankers received statutory demand on or about March 12, 2018, Bankers has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

32. Bankers and Herndon's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Herndon performed a biased and intentionally substandard inspection designed to allow Bankers to refuse to provide full coverage to Plaintiff under the Policy.

33. Specifically, Bankers and Herndon performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34. Bankers's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Herndon subpar inspection, Bankers failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

35. Bankers's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Herndon's intentional undervaluation of Plaintiff's claims, Bankers failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Herndon's understatement of the damage to the Property caused Bankers to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

Plaintiff's Original Petition – Page 7

36. Bankers and Herndon's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT BANKERS INSURANCE COMPANY

37. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

38. Bankers is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Bankers and Plaintiff.

39. Bankers's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Bankers's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. Bankers's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. Bankers's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

Plaintiff's Original Petition – Page 8

42. Bankers's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Bankers's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. Bankers's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44. Bankers's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. Bankers's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

46. Bankers's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. Bankers's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

Plaintiff's Original Petition – Page 9

48. Bankers's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Bankers knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49. Bankers's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Bankers pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Bankers. Specifically, Bankers's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Bankers has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Bankers's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. Bankers represented to Plaintiff that the Policy and Bankers's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Bankers represented to Plaintiff that Bankers's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Bankers advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Bankers breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Bankers's actions are unconscionable in that Bankers took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Bankers's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G. Bankers's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Bankers is a producing cause of Plaintiff's damages. All of Bankers's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## NEGLIGENT HIRING

51. Bankers has a basic duty as an employer who retains services of another to use reasonable care in investigating the background of that individual for fitness for the position, to remain knowledgeable of that fitness, and is liable if another person suffers damages because of a

lack of fitness. Defendant Bankers owed a duty to Plaintiff and that duty was breached.

52. Bankers was negligent in that it knew or should have known that Herndon was an incompetent adjuster and unfit to handle claims on behalf of Bankers. Specifically, Bankers should have known Herndon was incapable of performing the tasks necessary to perform a reasonable property damage inspection.

53. Bankers failed to investigate, screen or supervise Herndon, who was the proximate cause of the damages suffered by Plaintiff in this action.

### FRAUD

54. Bankers is liable to Plaintiff for common law fraud.

55. Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as she did, and Bankers knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

56. Bankers made these statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT MARTY G. HERNDON

57. All paragraphs from the fact section of this petition are hereby incorporated into this section.

#### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

58. Herndon's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

59. Herndon is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Bankers, because Herndon is a "person" as defined by TEX. INS. CODE §541.002(2).

60. Herndon's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

61. Herndon's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a) (3).

62. Herndon knowingly underestimated the amount of damage to the Property. As such, Herndon failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

63. Furthermore, Herndon did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

64. Herndon's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Herndon pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Herndon. Specifically, Herndon's violations of the DTPA include the following matters:

    A.    By his acts, omissions, failures, and conduct, Herndon has violated sections 17.46(b) (2), (5), and (7) of the DTPA. Herndon's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

    B.    Herndon represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

    C.    Herndon represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

    D.    Herndon's actions are unconscionable in that Herndon took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Herndon's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

    E.    Herndon's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

65.    Each of Herndon's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and

"intentionally" by Herndon, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

66. Herndon was negligent in his action and/or omission with regard to his adjusting of Plaintiff's claim. Herndon violated the standard of care and fell below the applicable standard of an insurance adjuster licensed by the state of Texas. Those failures include one or more of the following acts or omissions:

   A. Failure to conduct a reasonable inspection;

   B. Failure to include covered damage that would be discovered as a result of a reasonable inspection;

   C. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

   D. Failure to properly identify the cost of proper repairs to Plaintiff's Property; and

   E. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to the Property.

67. Herndon's acts and/or omissions constitute negligence. His conduct was the proximate cause of the damages sustained by Plaintiff.

68. At all relevant times, Herndon was an agent or employee of Defendant Bankers.

69. Herndon's unreasonable inspection was performed within the course and scope of his duties with Defendant Bankers. Therefore, Bankers is also liable for the negligence of Herndon through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

70. Herndon's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    A.  Herndon's actions when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk of harm to Plaintiff, considering the probability and magnitude of potential harm to Plaintiff; and

    B.  Herndon had actual, subjective awareness of the of the risk involved, but never-the-less, proceeded with conscious indifference to the rights, safety or welfare of Plaintiff.

71. By Bankers's direction, Herndon intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's Property. His estimate was to such an extreme degree bellow what another reasonable licensed adjuster would have done in that situation, and in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

72. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

73. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

74. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

75. Plaintiff currently estimates that actual damages to the Property under the Policy are $101,203.24.

76. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

77. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claims, consequential damages, together with attorney's fees.

78. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

79. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on

those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

80. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Bankers owed, exemplary damages, and damages for emotional distress.

81. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

82. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

83. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the

reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

84. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

85. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

86. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Collin County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Bankers Insurance Company and Marty G. Herndon, be cited and served to appear, and that upon trial hereof, Plaintiff, Ana Isabel Rodriguez, recovers from Defendants, Bankers Insurance Company and Marty G. Herndon, such sums as would

reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Patrick McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste. 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF